Argued June 7, affirmed July 14, 1966

# STATE LAND BOARD *v.* WESTERN-PACIFIC DREDGING CORPORATION

416 P. 2d 667

*Dennis Lindsay,* Portland, argued the cause for appellant. With him on the briefs were Krause, Lindsay & Nahstoll and Fredric R. Merrill, Portland.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him

on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Holman, Lusk and Hammond, Justices.

SLOAN, J.

This is a contest to decide the right of defendant to take, without cost, gravel and other material from the Oregon bed of the Columbia river for use within one-half mile of the Washington bank of the Columbia. Defendant claims free use of the material by ORS 274.550 (1) and (2) which provide:

> "*Removal of material without lease authorized for certain purposes.* (1) The removal of gravel, rock, sand, silt or other material from the bed or bars of any navigable stream within the state is authorized when the same (a) is removed for channel or harbor improvement or flood control, or (b) is used for filling, diking or reclaiming land located not more than one-half mile from the bank of the stream, or (c) is used for filling, diking or reclaiming land owned by the state or any political subdivision as defined in subsection (1) of ORS 271.300 and located not more than two miles from the bank of the stream; however, prior to such removal, such person, organization or agency contemplating such removal shall first notify the State Land Board, and the board shall in turn notify the state agencies mentioned in ORS 274.530.
>
> "(2) No payment of royalty shall be required for such gravel, rock, sand, silt or other material unless the same is removed from the place deposited and sold or used as an article of commerce. * * * *"

The material will be used for filling and reclaiming land.

The State Land Board has resisted defendants right to a free taking. The dispute was submitted to the trial court on the litigable issues presented by a joint statement of the case as authorized by ORS Chapter 27. The trial court held that the statutes were not intended to benefit other than Oregon lands and required defendant to pay a royalty. Defendant appeals. We agree with the trial court.

■ It has been consistently held that the lands underlying the navigable waters of the state are held by the state in trust for the benefit of the whole people of the state. *Winston Bros. Co. v. State Tax Com.,* 1937, 156 Or 505, 511, 62 P2d 7. The proceeds derived from any use of the lands became a part of the Common School Fund. ORS 274.600 (3). Other restrictions on the leasing and use of the valuable material that may be taken from the bed of a navigable stream indicate a legislative intent to strictly limit its use and the benefits of its taking. ORS 274.590 authorizes the State Land Board to cooperate with the proper authorities of the State of Washington for the taking of this material from the bed of the Columbia river and to make agreements for the division of the royalties that may be received. This does not indicate that the legislature intended to allow a free taking of material from the Oregon bed of the river for the benefit of Washington land.

■ The grant—ORS 274.550 (1) (c)—of free use of the material to the state or political subdivision as defined by ORS 271.300 (1) uses the same words of limitation, that is two miles from the *bank of the stream.* (Emphasis supplied). The political subdivisions defined in ORS 271.300 (1) are subdivisions existing under the laws of this state. This is an express indication that the legislature did not intend the words

"bank of the stream" to include the Washington shore of the Columbia river. We have examined the decision in *Bostick v. Smoot Sand & Gravel Corporation,* (CCA 4th, 1958) 260 F2d 534. To the extent that the case is analogous to the one at hand, we cannot agree with it.

We hold that the restriction of the use of the material for filling, diking or reclaiming land was limited to land in Oregon.

Affirmed.